**FORREST CITY PRODUCTION CRED-
IT ASSOCIATION, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. H 67 C–41.**

United States District Court
E. D. Arkansas, E. D.

June 2, 1969.

Jerry A. Wells, Tax Division Dept. of Justice, Fort Worth, Tex., for defendant.

William H. Bowen, Smith, Williams, Friday & Bowen, Little Rock, Ark., for plaintiff.

### MEMORANDUM OPINION

HARRIS, District Judge.

The instant case is a civil action for recovery of federal income taxes in the amount of $16,307.09, plus interest, for the calendar year 1961, arising as the result of the disallowance of a change in plaintiff's annual accounting period.

This case was submitted upon stipulation of facts and briefs of the parties. This memorandum opinion incorporates the Court's findings of fact and conclusions of law.

The stipulation of facts is as follows:

The Forrest City Production Credit Association, hereinafter referred to as

the plaintiff, was organized in 1933 under Section 2 of the Farm Credit Act of 1933, c. 98, 48 Stat. 257 (12 U.S.C.1964 ed., Sec. 1134).

Until the last of its stock owned by the United States was retired on or about December 31, 1960, the plaintiff was an "exempt organization" within the meaning of Section 501(c) (1) of the Internal Revenue Code of 1954, as amended.

For all years of its existence through December 31, 1960, the books and records of plaintiff were kept on a calendar year basis; that is, from January 1 through December 31.

Plaintiff was required by Section 6033 of the Internal Revenue Code of 1954 to file, and did file on a calendar year basis, annual returns for information purposes only. Through December 31, 1960, plaintiff had never paid nor was required to pay any income tax.

On September 14, 1961, the board of directors of the plaintiff adopted a fiscal year ending September 30, and amended its bylaws accordingly. From September 30, 1961, forward, plaintiff's books were kept and its reports prepared on the basis of a fiscal year ending September 30. Plaintiff filed its first return of taxable income for the period January 1, 1961, through September 30, 1961. On December 13, 1962, plaintiff filed its return of taxable income for the fiscal year ending September 30, 1962.

At no time prior to adopting on its first return of taxable income a fiscal year ended September 30 as its annual accounting period, did plaintiff file an application with the Commissioner of Internal Revenue requesting approval to do so. (End of Stip.)

As pointed out in the excellent briefs filed by the parties in this proceeding, the questions for determination by the Court are (1) was the plaintiff, Forrest City Production Credit Association, a taxpayer during the years up to and including December 31, 1960, at which time it was no longer an exempt business, and (2) was there a change in the plaintiff's "annual accounting period" requiring approval of the Commissioner of Internal Revenue.

Upon auditing plaintiff's return filed for the fiscal year ending September 30, 1961, the District Director of Internal Revenue determined that the plaintiff had changed to a fiscal year period of reporting without permission of the Commissioner; that permission was required; and accordingly recomputed plaintiff's income on a calendar year basis for 1961, which resulted in the deficiency in taxes sought to be recovered in this action.

Stated briefly, plaintiff argues that from its inception through December 31, 1960, it was an organization exempt from taxation under the Farm Credit Act of 1933, c. 98, 48 Stat. 257,[1] and

---

1. Farm Credit Act of 1933, c. 98, 48 Stat. 257:

SEC. 63 [as amended by Sec. 105(o) of the Farm Credit Act of 1956, c. 741, 70 Stat. 666].

The Central Bank for Cooperatives, and the Production Credit Associations, and Banks for Cooperatives, organized under this chapter, and their obligations, shall be deemed to be instrumentalities of the United States, and as such, any and all notes, debentures, bonds, and other such obligations issued by such banks or associations shall be exempt both as to principal and interest from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States or by any State, Territorial, or local taxing authority.

Such banks or associations, their property, their franchises, capital, reserves, surplus, and other funds, and their income shall be exempt from all taxation now or hereafter imposed by the United States or by any State, Territorial, or local taxing authority; except that any real property and any tangible personal property of such banks or associations shall be subject to Federal, State, Territorial, and local taxation to the same extent as other similar property is taxed. The exemption provided herein shall not apply with respect to any production credit association or its property or income after the class A stock held in it by the Governor has been retired, or with respect to any bank for cooperatives or its property or income after the stock held in it by

that its exemption from taxation did not stem from Section 501(a) of the Internal Revenue Code of 1954,[2] or its predecessor;[3] that until January 1, 1961, it was not a taxpayer; that it became a taxpayer only after retirement of all stock owned by the United States on or about December 31, 1960; that consequently its tax return for the period of January 1, 1961, through September 30, 1961, was the first return of a *new* taxpayer; and that as a new taxpayer it was entitled to adopt any taxable year it chose without obtaining approval of the Commissioner of Internal Revenue.

The Government maintains that it matters not whether plaintiff's exemption from taxation arose from Section 501(a) or the Farm Credit Act of 1933; that in either event plaintiff was a "tax-

payer" prior to January 1, 1961; that plaintiff changed its annual accounting period from a calendar year to a fiscal year basis; that such change was not permitted without the express approval of the Commissioner of Internal Revenue; and that no such approval was sought or obtained.

■ As to the first question on the plaintiff's status as a taxpayer, it should be pointed out that in order to complete plaintiff's changeover from a calendar year basis to a fiscal year, plaintiff filed a tax return for the short period January 1, 1961, through September 30, 1961, and then thereafter filed its returns for the fiscal years ending September 30. Although Treasury Regulations on Income Tax, Section 1.442–1(c),[4] provide

the United States has been retired. (12 U.S.C. 1964 ed., Sec. 1138c.)

2. All section references hereafter are to the Internal Revenue Code of 1954 unless otherwise indicated.

SEC. 501. EXEMPTION FROM TAX ON CORPORATIONS, CERTAIN TRUSTS, ETC.

(a) *Exemption from Taxation.*—An organization described in subsection (c) or (d) or section 401(a) shall be exempt from taxation under this subtitle unless such exemption is denied under section 502, 503, or 504.

\* \* \* \* \*

(c) *List of Exempt Organizations.*—The following organizations are referred to in subsection (a):

(1) Corporations organized under Act of Congress, if such corporations are instrumentalities of the United States and if, under such Act, as amended and supplemented, such corporations are exempt from Federal income taxes.

\* \* \* \* \*

(26 U.S.C. 1964 ed., Sec. 501.)

3. Section 101 of the Internal Revenue Code of 1939.

4. Treasury Regulations on Income Tax (1954 Code):

SEC. 1.442–1. *Change of annual accounting period.*

(a) *Manner of effecting such change. In General.* (1) If a taxpayer wishes to change his annual accounting period (as defined in section 441(c)) and adopt a new taxable year (as defined in section 441(B)), he must obtain prior approval from the Commissioner

by application, as provided in paragraph (b) of this section, or the change must be authorized under the Income Tax Regulations. A new taxpayer who *adopts an annual accounting period as* provided in section 441 and §§ 1.441–1 or 1.441–2 need not secure the permission of the Commissioner under section 442 and this section. However, see subparagraph (2) of this paragraph.

\* \* \*

\* \* \* \* \*

(c) *Special rule for certain corporations.* (1) A corporation (other than a corporation to which subparagraph (4) of this paragraph applies) may change its annual accounting period without the prior approval of the Commissioner if all the conditions in subparagraph (2) of this paragraph are met, and if the corporation files a statement with the district director with whom the returns of the corporation are filed at or before the time (including extensions) for filing the return for the short period required by such change. This statement shall indicate that the corporation is changing its annual accounting period under paragraph (c) of § 1.442–1 and shall contain information indicating that all of the conditions in subparagraph (2) of this paragraph have been met.

(2) The provisions of this paragraph do not apply unless all of the following conditions are met:

\* \* \* \* \*

(iv) If a corporation had a special status (described in the following sentence) either for the short period or

that under certain circumstances a taxpayer may change its annual accounting period without prior approval of the Commissioner, one of the requirements is that if the association was an exempt organization either in the year immediately preceding the short period or in the short period "it must have the same special status for both the short period and such taxable year."[5] In the instant case it is admitted that for the period January 1, 1960, through December 31, 1960, plaintiff was an exempt organization, but that plaintiff lost its exemption as of January 1, 1961. Accordingly, the Court finds that Section 1.442–1(c) does not apply so as to allow plaintiff to change its annual accounting period without approval of the Commissioner. There is no merit to plaintiff's contention that through December 31, 1960, it was never a "taxpayer"; that, therefore, as of January 1, 1961, when it lost its exemption, it became a new taxpayer; that the return filed for the period January 1, 1961, through September 30, 1961, was the first return of a new taxpayer; and that, therefore, it came within the provisions of Section 1.442–1(a).

■ In the opinion of the Court the plaintiff is not a "new taxpayer" within the meaning of Treasury Regulations on Income Tax, Section 1.442–1(a), which provides that "a new taxpayer who adopts an annual accounting period * * * need not secure the permission of the Commissioner * * *." Nor is it a "new taxpayer" within the meaning of Treasury Regulations on Income Tax, Section 1.441–1(b) (3),[6] wherein it is stated that "a new taxpayer in his first return may adopt any taxable year * * * without prior approval."

Contrary to plaintiff's position is Rev. Rul. 67–173, 1967–1 Cum.Bull. 101, wherein a corporation (designated as "X") exempt from tax under Section 401(a) lost its exemption and thereafter desired to change its annual accounting period from a calendar year to a fiscal year basis without obtaining approval of the Commissioner. It was held that corporation "X" was not a "new taxpayer" even though it was required for the first time to file a Form 1120 return of taxable income. The Court is not bound by the ruling and neither is this decision in any way dependent thereon although it is analogous to the instant situation.

Morever, Section 501(a) exempts qualifying organizations from income taxes only.[7] The fact that plaintiff may have derived its exemption under Section 501 (a) does not mean that it was not a "taxpayer" as defined in the Code.

The term "taxpayer" is broadly defined by the Code itself. Section 7701 (a) (14),[8] in pertinent part, provides

---

5. See footnote 4, *supra*, Treasury Regulations on Income Tax (1954 Code), Section 1.442–1(c) (2) (iv). Although the Regulations speak in terms of a "corporation" rather than an "association," Section 7701(a) (3) defines the term "corporation" to include "associations."

for the taxable year immediately preceding such short period, it must have the same special status for both the short period and such taxable year. For the purpose of the preceding sentence, special status includes only: a personal holding company, a foreign personal holding company, a corporation which is an exempt organization, a foreign corporation not engaged in trade or business within the United States, a Western Hemisphere trade corporation, and a China Trade Act corporation.
*   *   *   *   *
(26 C.F.R., Sec. 1.442–1.)

6. See footnote 18, *infra*.

7. See footnote 2, supra. Section 501(a) exempts qualifying organizations from "taxes under this subtitle." Section 501 is only one of several sections within Part 1, Subchapter F, Chapter 1, Subtitle A, of the 1954 Code. Subtitle A is entitled: Income Taxes.

8. SEC. 7701. DEFINITIONS.
    (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—
    (1) *Person.*—The term "person" shall be construed to mean and include an

that the "term 'taxpayer' means any person subject to any internal revenue tax." Section 7701(a) (1)[9] defines the term "person" to include an "association." Section 7701(a) [10] specifically makes applicable the foregoing definitions "when used in this title."

Since Section 7701 is contained in Chapter 79, Subtitle F, of the 1954 Code and its definitions are made applicable to such terms when used in any part of the Code, these definitions apply to all subtitles, including Subtitle C of the Code, relating to employment taxes. Included, among others, as employment taxes under Subtitle C are Federal Insurance Contributions Act (F.I.C.A.) taxes set forth under Chapter 21 (Sections 3101 through 3126). Obviously, Section 501 does not provide an exemption from F.I.C.A. taxes.

Thus, if through December 31, 1960, taxpayer's exemption from taxation did in fact stem from Section 501, it is an exemption from income taxes only. Therefore, since plaintiff was not exempted from F.I.C.A. taxes, it was a "taxpayer" prior to January 1, 1961, and cannot thus be said to be a "new taxpayer" as of that date.

Assuming that plaintiff derived its exemption from taxation not under Section 501, but from the Farm Credit Act

of 1933, it was still a "taxpayer" prior to January 1, 1961. Section 63 of the Farm Credit Act of 1933, as amended (12 U.S.C. Sec. 1138c),[11] provides in pertinent part that production credit associations organized thereunder "shall be deemed to be instrumentalities of the United States" and that such associations "shall be exempt from all taxation now or hereafter imposed by the United States." [12]

However, Congress specifically overrode the broad exemption from taxation under Section 63 of the Farm Credit Act of 1933, when it created Section 1412 of the Internal Revenue Code of 1939,[13] which provided:

SEC. 1412. INSTRUMENTALITIES OF THE UNITED STATES.

Notwithstanding any other provision of law (whether enacted before or after the enactment of this section) which grants to any instrumentality of the United States an exemption from taxation, such instrumentality shall not be exempt from the tax imposed by section 1410 unless such other provision of law grants a specific exemption, by reference to section 1410, from the tax imposed by such section.

The Farm Credit Act of 1933 has never been amended to exempt such as-

---

individual, a trust, estate, partnership, association, company or corporation.

\* \* \* \* \*

(14) *Taxpayer*.—The term "taxpayer" means any person subject to any internal revenue tax.

\* \* \* \* \*

(26 U.S.C. 1964 ed., Sec. 7701.)

9. See footnote 8, *supra*.

10. See footnote 8, *supra*.

11. See footnote 1, *supra*.

12. However, Section 63 goes on to provide that the exemption does not apply to any production credit association after the stock held by the United States has been retired. The last of the stock of taxpayer held by the United States was retired on or about December 31, 1960. Consequently, a Section 63 exemption was not available to taxpayer subsequent to December 31, 1960.

13. Section 1412 was added to the Internal Revenue Code of 1939 by Section 202(a)

of the Social Security Act amendments of 1950, c. 809, 64 Stat. 477 and, with only slight modification, was reenacted as Section 3112 of the 1954 Code. This latter section provides:

SEC. 3112. INSTRUMENTALITIES OF THE UNITED STATES.

Notwithstanding any other provision of law (whether enacted before or after the enactment of this section) which grants to any instrumentality of the United States an exemption from taxation, such instrumentality shall not be exempt from the tax imposed by section 3111 unless such other provision of law grants a specific exemption, by reference to section 3111 (or the corresponding section of prior law), from the tax imposed by such section.

Under both the 1939 and 1954 Codes, Sections 1412 and 3112 related to the imposition of F.I.C.A. taxes on employers under Sections 1410 and 3111, respectively.

sociations from the tax imposed by Section 1410 of the Internal Revenue Code of 1939.[14]

Production credit associations are therefore liable for internal revenue taxes in the form of F.I.C.A. taxes. Since Section 7701(a) (14), defines a "taxpayer" as any person (including an association) subject to *any* internal revenue tax, it is my conclusion that plaintiff was a "taxpayer" on and prior to December 31, 1960. Consequently, plaintiff cannot be said to have become a "new taxpayer" on January 1, 1961, for the purposes of applying Sections 1.441–1(b) (3) and 1.442–1(a) of the Regulations.

Furthermore, in the stipulation by the parties it is stated as a fact that the plaintiff was required by 26 U.S.C. § 6033, to file annual returns for information purposes only. It should be pointed out that 26 U.S.C. § 6033 required the plaintiff to file an *annual return* to include certain information *for the purposes of carrying out the provisions of Subtitle A* as the secretary or his delegate may by forms or regulations prescribe, etc.[15] Subtitle A of the Internal Revenue Code, Title 26 §§ 1 to 2000, inclusive, have to do with "income taxes".

Having determined the plaintiff was a taxpayer within the applicable provisions of the code, I turn to the additional question of whether there was a change in the plaintiff's "annual accounting period." In the opinion of the Court the answer is in the affirmative.

Section 441(c) of the Code[16] provides that the term "annual accounting period" means "the annual period on the basis of which the taxpayer regularly computes his income in keeping his books." It was stipulated that plaintiff kept his books and records on a calendar year basis; that is, January 1 through December 31. Thus, I find that under Section 441(c), the annual accounting

---

14. Nor has it been amended to exempt such associations from the tax imposed by Section 3111 of the Internal Revenue Code of 1954.

15. SEC. 6033. *Returns by exempt organizations.*

(a) *General.*—Every organization, except as hereinafter provided, exempt from taxation under section 501(a) shall file an annual return, stating specifically the items of gross income, receipts, and disbursements, and such other information for the purpose of carrying out the provisions of subtitle A as the Secretary or his delegate may by forms or regulations prescribe, and shall keep such records, render under oath such statements, make such other returns, and comply with such rules and regulations, as the Secretary or his delegate may from time to time prescribe, except that, in the discretion of the Secretary or his delegate, an organization described in section 401(a) may be relieved from stating in its return any information which is reported in returns filed by the employer which established such organization. * * *

16. SEC. 441. PERIOD FOR COMPUTATION OF TAXABLE INCOME.

(a) *Computation of taxable income.* —Taxable income shall be computed on the basis of the taxpayer's taxable year.

(b) *Taxable year.*—For purposes of this subtitle, the term "taxable year" means—

(1) the taxpayer's annual accounting period, if it is a calendar year or a fiscal year;

(2) the calendar year, if subsection (g) applies; or

(3) the period for which the return is made, if a return is made for a period of less than 12 months.

(c) *Annual accounting period.*—For purposes of this subtitle, the term "annual accounting period" means the annual period on the basis of which the taxpayer regularly computes his income in keeping his books.

(d) *Calendar year.*—For purposes of this subtitle, the term "calendar year" means a period of 12 months ending on December 31.

(e) *Fiscal year.*—For purposes of this subtitle, the term "fiscal year" means a period of 12 months ending on the last day of any month other than December. In the case of any taxpayer who has made the election provided by subsection (f), the term means the annual period (varying from 52 to 53 weeks) so elected.

* * * * *

(26 U.S.C. 1964 ed., Sec. 441.)

period of plaintiff prior to January 1, 1961, was the calendar year.

Under Section 441(b) [17] the annual accounting period is deemed to be taxpayer's taxable year. Therefore, I find that prior to January 1, 1961, the calendar year was also plaintiff's taxable year. Treasury Regulations on Income Tax, Section 1.441–1(b) (4), [18] require that a taxpayer must continue to use its adopted taxable year for all subsequent years unless prior approval is obtained from the Commissioner to make the change or unless the change is otherwise permitted.

Subsequent to January 1, 1961, taxpayer, without obtaining approval of the Commissioner of Internal Revenue, changed its annual accounting period from a calendar year basis to a fiscal year basis by adopting as its new annual accounting period a fiscal year ended September 30. After adoption of the new annual accounting period, all books and reports of taxpayer were maintained on the fiscal year basis ended September 30.

Section 442, [19] plainly and unequivocally states:

If a taxpayer changes his annual accounting period, the new account-ing period shall become the taxpayer's taxable year only if the change is approved by the Secretary or his delegate. * * *

Similarly, Treasury Regulations on Income Tax, Section 1.442–1(a), [20] provide that if a taxpayer wishes to change his annual accounting period and adopt a new taxable year, "he must obtain prior approval from the Commissioner, by application, as provided in paragraph (b) of this section, or the change must be authorized under the Income Tax Regulations."

Therefore, plaintiff was required to obtain approval of the Commissioner in accordance with Section 1.442–1(b) of the Regulations before changing its annual accounting period from a calendar year basis to a fiscal year basis ending September 30. Until approval was obtained, plaintiff was required to maintain its annual accounting period and report taxable income on a calendar year basis. Accordingly, the District Director was correct in recomputing plaintiff's income on the calendar year basis, and the resulting deficiency in taxes was properly assessed and collected. Judgment will be entered accordingly.

---

17. See footnote 16, *supra.*

18. Treasury Regulations on Income Tax (1954 Code):

SEC. 1.441–1. *Period for computation of taxable income.*

* * * * *

(b) *Taxable year.*

* * * * *

(3) A new taxpayer in his first return may adopt any taxable year which meets the requirements of section 441 and this section without obtaining prior approval. The first taxable year of a new taxpayer must be adopted on or before the time prescribed by law (not including extensions) for the filing of the return for such taxable year. * * *

(4) After a taxpayer has adopted a calendar or a fiscal year, he must use it in computing his taxable income and making his returns for all subsequent years unless prior approval is obtained from the Commissioner to make a change or unless a change is otherwise permitted under the internal revenue laws or regulations. See section 442 and § 1.442–1. * * * (26 C.F.R., Sec. 1.441–1.)

19. SEC. 442. CHANGE OF ANNUAL ACCOUNTING PERIOD.

If a taxpayer changes his annual accounting period, the new accounting period shall become the taxpayer's taxable year only if the change is approved by the Secretary or his delegate. For purposes of this subtitle, if a taxpayer to whom section 441(g) applies adopts an annual accounting period (as defined in section 441(c)) other than a calendar year, the taxpayer shall be treated as having changed his annual accounting period. (26 U.S.C. 1964 ed., Sec. 442.)

20. See footnote 4, *supra.*